I do not go the whole length of the plaintiff's counsel in saying that persons in possession of corporate rights or franchises shall be considered as rightfully corporators against all persons but the sovereign; but agree with them, with this qualification, that where it is shown that such corporation may by law exist, that is, where it is shown that a charter has been granted, those in possession, and actually in the exercise of those corporate rights, shall be considered as rightfully there, against wrongdoers, and all those who have treated or acted with them in their corporate character; and even where it is shown that such charter has been granted upon a precedent condition, and persons are found in the quiet possession and exercise of those corporate rights, as against all but the sovereign, the precedent condition shall be taken as performed. And much more will I consider the condition rightfully performed, where it is by the charter left to others to declare the fact of performance, and such persons make such declaration. The sovereign alone has the right to complain, for if it is an surpation it is upon the rights of the sovereign, and his acquiescence is evidence that all things have been rightfully performed. I think, therefore, that the presiding judge erred in holding the plaintiff to strict proof of the performance of the condition, and more so by not considering the declarations of the commissioners as evidence of that fact. Let the rule for a new trial be made absolute.
So, PER TOTAM CURIAM. Judgment reversed.
Vide Turner v. Baines, 2 H. Bl., 559, in which it was held that church wardens de facto might maintain an action against former church wardens for money received by them for the use of the parish, though the validity ofthe election of the plaintiffs to the office was doubtful, and though they were not the immediate successors of the defendant. The Court held that, as against the defendant, it was sufficient that the plaintiffs had been "admitted, and *Page 289 
sworn into the office, and acted as church wardens." As this seems to be a direct authority on one part of the foregoing case, and was not adverted to in the argument or the opinions of the judges, the Reporter takes the liberty of adding it to the case by way of note.}
Cited: Turnpike Co. v. McCarson, 18 N.C. 309; Academy v. Lindsey,28 N.C. 479; R. R. v. Saunders, 48 N.C. 128; R. R. v. Thompson, 52 N.C. 389;Trustees v. Chambers, 56 N.C. 279; R. R. v. Johnston, 70 N.C. 350;Bass v. Navigation Co., 111 N.C. 449; Cotton Mills v. Burns, 114 N.C. 355;Boyd v. Reed, 120 N.C. 339.
(538)